# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-496-FDW

| | |
|---|---|
| HARRY SHAROD JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| DENNNIS DANIELS, ) | |
| ROY COOPER, ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se filing entitled "Notice and Petition for Joinder of Claims Seeking Inquiry into Restraints on Liberty." (hereinafter, "Petition").

## I. BACKGROUND

On May 27, 2014, the Clerk for the Eastern District of North Carolina docketed the Petition filed by James and it was classified as a habeas petition pursuant to 28 U.S.C. § 2254 because Petitioner challenged the lawfulness of his confinement. The case was transferred to this district after the Court found that James had been convicted of first-degree murder in Mecklenburg County in 2010, and that he was presently confined in a Mecklenburg County jail. In his Petition, James states that he was transferred from Maury Correctional Institution to a Mecklenburg County jail and that he is being involuntarily detained and he explains that he is not "a person subject to the obligations and or liabilities of general laws and punishments only known to the laws of the State of North Carolina . . ." (3:14-cv-496, Doc. No. 1 at 6). James complains that "he was an involuntary party to unconstitutional warrants, criminal actions in rem and in personam, and foreign judgments. It is further believed that the criminal complaint commenced in Mecklenburg

1

County Courthouse will show that Petitioner was not joined as a necessary party . . ." (Id. at 7). Petitioner continues by arguing that his criminal pleading should have been transferred "to the proper division (civil division) and or to the common law court of North Carolina." (Id. at 8). In his prayer for relief, James requests that the present case be transferred "to the common law court of North Carolina seated in the Mecklenburg County Courthouse . . ." and that his judgments be discharged. (Id. at 10). James also requests damages in excess of twenty dollars and a "common law jury trial de novo, and for such other and further relief consistent with Petitioner[']s private rights to life, liberty, and property." (Id. at 11).

Prior to the transfer from the Eastern District, James filed a "Notice of Objection and Request for Removal of Petition to be Transferred to the Superior Court of Law and Equity of North Carolina Republican." (hereinafter, "Notice of Objection") (Id., Doc. No. 4). In the Notice of Objection, James contends that the federal district courts do not have jurisdiction "to issue or render Potential Judgment" and he requests that this civil case be transferred "to the Superior Court of law and equity of North Carolina State . . ." (Id. at 3).

## II. STANDARD OF REVIEW

A. Section 1983

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

B.  Section 2254

Federal district courts are instructed to promptly examine petitions that seek to attack the legality of a state court judgment and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief in the district court" the petition must be dismissed and the petitioner notified. See Rule 4 of the Rules Governing Section 2254 Cases.

### III.  DISCUSSION

The Petition filed by James presents a claim for monetary damages, a motion to transfer this matter to Mecklenburg County Superior Court, and challenges to the legality of his judgments. Interestingly, James does not mention what "judgments" he is challenging. On the envelope submitted with the Petition, James includes his North Carolina Prisoner Offender Number (#1211724). (3:14-cv-496, Doc. No. 1-1). A review of the website of the North Carolina Department of Public Safety reveals that James was convicted of first-degree murder and robbery with a dangerous weapon in Mecklenburg County Superior Court on June 10, 2010. The website maintained by the Mecklenburg County Sheriff's Office shows that James is a State prisoner and as of October 30, 2014, James is being housed in a Mecklenburg County jail pursuant to a writ.

A further search demonstrates that James's convictions and sentence of life imprisonment was upheld by the North Carolina Court of Appeals on October 18, 2011, in an unpublished opinion. See State v. James, 716 S.E.2d 876 (N.C. Ct. App. 2011). On August 23, 2012, the Supreme Court of North Carolina allowed, in part, James's petition for discretionary review and remanded his case to the Court of Appeals for further remand to the Mecklenburg County Superior

Court for resentencing. The Court dismissed the remainder of his petition and his appeal. The one page order does not provide any details for the reason for the remand. State v. James, 748 S.E.2d 527 (N.C. 2012). However, in the petition for discretionary review, James' counsel argues that James, who was a 16-year old juvenile at the time he was alleged to have committed the murder, should be resentenced because the state court imposed a mandatory sentence of life imprisonment. In sum, James contended that his Eighth Amendment right to be free from cruel or unusual punishment was violated because of the mandatory sentence of life imprisonment based on his status as a juvenile at the time of the alleged offense. See Appellate Petition, Motion and Filing, 2011 WL 6173186, filed Nov. 22, 2011. It is unknown to this Court whether James has been resentenced as of October 30, 2014.

Turning back to James's Petition before this Court: James seeks relief from his "judgments" which he fails to identify in his Petition, along with monetary damages and an order transferring his case to Mecklenburg County Superior Court. James filed a pro se "Notice of Objection", (Doc. No. 4), and an additional document wherein he requests that his case be removed from this Court and transferred to the State superior court. (Id., Doc. No. 9). On September 19, 2014, James filed a motion to appoint counsel and again moves the Court to transfer this case to the State superior court. (Id., Doc. No. 10).

The Court finds that James's repeated efforts to obtain an order transferring his case from this Court to the State superior court should be treated as a motion to voluntarily dismiss this civil action. Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff, or petitioner in this case, may dismiss a civil action without a court order by filing a notice of dismissal prior to an opposing party serving an answer or motion for summary judgment. The Court notes that service of process has not been ordered at this time, therefore James is free to voluntary dismiss this civil action.

In addition, James is hereby notified that to the extent he is seeking federal habeas relief in an effort to challenge the legality of his convictions or sentences, he must first exhaust his state remedies. See generally 28 U.S.C. § 2254(b). James is further notified that if he seeks federal habeas review of a final state judgment, that he must filed his § 2254 petition within one year from the date that his state judgment becomes final. Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). As noted, there is no indication that James has been resentenced or evidence of a further appeal in the event that he has been resentenced.

Finally, James's claim for monetary damages stemming from his judgments must be denied as it is clear from his Petition that his judgments are still in force. See Heck v. Humphrey, 512 U.S. 477, 486-87.

For the reasons stated herein, the Court finds that this civil action should be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Notice of Objection" and request to transfer this case is **DENIED**. (Doc. No. 4).

2. Plaintiff's motion to proceed in *forma pauperis* is **GRANTED**. (Doc. No. 8).

3. Plaintiff's pro se motion to appoint counsel is **DENIED**. (Doc. No. 10).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED**.

Signed: October 31, 2014

Frank D. Whitney
Chief United States District Judge